UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                              )
PARALLEL EDGE, INC.,                          )
          Plaintiff,                          )
                                              )
     v.                                       )     Case No.: 14-13316
                                              )
MICHAEL F. ANDREA,                            )
          Defendant.                          )
_____)

## COMPLAINT

## THE PARTIES

1. Plaintiff, Parallel Edge, Inc. ("Parallel Edge"), is a Pennsylvania corporation with a principal place of business located at 126 East Beechtree Lane, Wayne, Pennsylvania.

2. Defendant, Michael F. Andrea, is a Massachusetts resident, residing at 640 Worcester Road, Apartment 611, Framingham, Massachusetts.

## JURISDICTION AND VENUE

3. Jurisdiction is properly conferred upon the Court pursuant to 28 U.S.C. § 1332 where the parties are citizens of different states, the transactions and occurrences set forth herein occurred in Massachusetts, and the matter in controversy exceeds the statutory requirement of $75,000, exclusive of interest and costs.

4. Venue is properly vested in this Court where the defendant resides in the Commonwealth of Massachusetts and his conduct at controversy in this matter occurred in Massachusetts.

## FACTS

5. Parallel Edge is a computer technology and networking company specializing in, among other things, AutoCAD applications, customization and development, intranet/extranet development and website administration, offsite backup, and systems training.

6.  In or about December 2005, Parallel Edge hired the defendant to perform the role of a Senior Associate and provide IT support to Parallel Edge clients in the greater Boston region and to help market Parallel Edge to potential clients.

7.  In consideration of the defendant's employment, the parties entered into an at-will employment agreement governed by an Employee Manual, which set forth, among other things, the at-will employment agreement, limitations on any outside employment, and limitations on the use or exploitation of Parallel Edge's confidential information.

8.  For further consideration of $250.00 and the defendant's eligibility to participate in an employee pension plan, the parties executed a Restrictive Covenant Agreement (the "Agreement").   A true and genuine copy of the Agreement is attached hereto as Exhibit A.

9.  Section 2 of the Agreement contains a narrowly-tailored restriction that prohibits the defendant from soliciting, diverting, or accepting business from Parallel Edge customers. The covenant states in pertinent part:

    **2. Solicitation and Non-Competition.**      Employee agrees that he will not during employment and for a period of one (1) year after termination or resignation from PARALLEL EDGE, INC. in any state where PARALLEL EDGE, INC. does business, except with the express prior written consent of PARALLEL EDGE, INC., directly or indirectly, whether as employee, owner, partner, agent, director, officer, shareholder or in any other capacity, for their own account or for the benefit of any Person:

    > (1) Solicit, divert, accept business from or otherwise take away or interfere with any of the current customers or customer locations of PARALLEL EDGE, INC. in order to render services or provide products which are the same as or substantially similar to the services rendered or products provided in connection with the Business.

10. The defendant signed the Agreement on December 7, 2005 and agreed to be bound by the terms set forth therein.

11. Parallel Edge sent the defendant to conferences for training, and allocated substantial company resources to allow the defendant to develop Parallel Edge's client base in the greater Boston region.

12. In March 2014, Parallel Edge discovered that the defendant was performing work for a Massachusetts company and performing substantially similar services to those provided by Parallel Edge.

13. Upon discovering the defendant's outside employment, Parallel Edge requested that the defendant cease such employment and make a commitment to Parallel Edge, as he was required to do pursuant to the Manual and Agreement.

14. On March 28, 2014, Parallel edge terminated the defendant's employment for his continued outside employment in violation of the Manual and Agreement.   The termination became effective on March 31, 2014.

15. Upon his termination, the defendant was to cease use of and return all Parallel Edge equipment provided to him over the course of his employment and, after unnecessary delay, did so.

16. Parallel Edge reviewed the returned equipment and, upon making an additional investigation, discovered that the defendant did and currently does business (computer networking services) with at least five (5) of Parallel Edge's greater Boston region customers since his termination.   These customers include Allegro Interior Architecture, Lexington Orthodontics, Newbury Design Associates, AHA Consulting Engineers, and Anthi Frangiadis Associates.   Parallel Edge has lost these customers as a direct result of the defendant's actions.

17. On May 14, 2014, Parallel Edge sent correspondence by and through its counsel to the defendant, identifying breaches of the Agreement and demanding that the defendant cease any attempts to solicit or perform work for Parallel Edge's customers.

18. Subsequent to its May 14, 2014 correspondence to the defendant, Parallel Edge discovered that the defendant continued perform network support services for Parallel Edge customers identical to those performed by Parallel Edge.

## COUNT I
### (Breach of Contract)

19. Parallel Edge hereby incorporates Paragraphs 1 through 18 of its Complaint as though fully set forth herein.

20. The defendant executed the Agreement with Parallel Edge for consideration of $250.00 and to receive eligibility to participate in Parallel Edge's employee pension plan.

21. By executing the Agreement, the defendant agreed to be legally bound by its terms, conditions, and obligations.

22. The Agreement forbids the defendant from soliciting, diverting, or accepting business from Parallel Edge's customers during the defendant's employment or within one (1) year of his termination from Parallel Edge.

23. The defendant breached the Agreement on at least five (5) occasions when he solicited and/or accepted business from Allegro Interior Architecture, Lexington Orthodontics, Newbury Design Associates, AHA Consulting Engineers, and Anthi Frangiadis Associates.

24. The defendant's actions have caused Parallel Edge to lose valuable customers and have damaged Parallel Edge's business reputation.

25. The defendant's actions have caused Parallel Edge to suffer irreparable harm, including loss of business, revenue, and goodwill.

## COUNT III
### (Injunctive Relief)

26. Parallel Edge hereby incorporates Paragraphs 1 through 25 of its Complaint as if though fully set forth herein.

27. Despite the existence of the Agreement between the defendant and Parallel Edge, the defendant has indicated through unequivocal acts that he has, and intends to continue, soliciting, diverting, and/or accepting business from Parallel Edge's customers in direct violation of the terms of the Agreement.

28. Parallel Edge does not have an adequate remedy at law if the defendant is allowed to continue to solicit, divert, and/or accept business from Parallel Edge's customers, especially where Parallel Edge invested substantial resources to assist the defendant in developing the very Parallel Edge customer base from which the defendant continues to solicit, divert, and/or accept business.

29. Parallel Edge has suffered irreparable harm as a result of the defendant's actions in breach of his Agreement.

30. Parallel Edge requests that this Court issue a preliminary injunction and a permanent injunction prohibiting the defendant from soliciting, diverting, performing business for, and/or accepting business from Parallel Edge's greater Boston regional customers or continuing to do business with the former customer base set forth in Paragraph 23 of the Complaint for one year after the defendant's termination as provided for in the parties' enforceable Agreement.

31. The injunctive relief sought by Parallel Edge will serve the public interest, as it will promote compliance with contractual agreements, and will protect Parallel Edge's business interests, including its confidential and proprietary information, and its goodwill.

WHEREFORE, Parallel Edge prays as follows:

(a)     The Court enter judgment against the defendant awarding to Parallel Edge all elements of damages permitted by law according to the proper and full measure established by law and/or the Agreement; and

(b)     The Court issue a preliminary and permanent injunction prohibiting the defendant from soliciting, diverting, and/or accepting business from Parallel Edge's Massachusetts customers until March 31, 2015 as provided for in the parties' enforceable Agreement.

## JURY DEMAND

WHEREFORE, Parallel Edge requests a jury trial on all matters raised herein.

Dated: August 12, 2014

PARALLEL EDGE, INC.,

By its Attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.


*/s/Brian P. Voke*
_____
Brian P. Voke, Esq., BBO # 544327
Kathleen M. Guilfoyle, Esq., BBO # 546512
Andrew C. Feldman, Esq., BBO # 684344
One Constitution Center, 3rd Floor
Boston, MA 02129
(617) 241-3000
bvoke@campbell-trial-lawyers.com
kguilfoyle@campbell-trial-lawyers.com
afeldman@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

I, Brian P. Voke, hereby certify that on August 12, 2014, I electronically filed the above document using the Court's CM/ECF filing system and also served a copy on the following counsel by first class mail:

Michael R. Hugo
Khorrami Boucher, LLP
40 Grove Street, Suite 270
Wellesley, MA 02482

*Attorney for the plaintiff*


*/s/ Brian P. Voke*
_____
Andrew C. Feldman